**Domingo VELASQUEZ–DOMINGO, Petitioner,**

v.

**Eric H. HOLDER, Jr.,[1] Attorney General of the United States, Respondent.**

**No. 08–1923.**

United States Court of Appeals, Eighth Circuit.

Submitted: June 5, 2009.

Filed: June 9, 2009.

Chinedu Igbokwe, Banwo Law Office, Omaha, NE, for Petitioner.

Domingo Velasquez–Domingo, Lexington, NE, pro se.

Brooke Maurer, Karen Yolanda Drummond, Richard M. Evans, Nancy Ellen Friedman, U.S. Department of Justice, Washington, DC, for Respondent.

Before RILEY, SMITH, and BENTON, Circuit Judges.

PER CURIAM.

Guatemalan citizen Domingo Velasquez–Domingo petitions for review of an order of the Board of Immigration Appeals (BIA) that affirmed an immigration judge's (IJ's) denial of his application for asylum and withholding of removal.[2] Hav-

---

1. The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota.

1. Eric H. Holder, Jr., has been appointed to serve as Attorney General of the United States, and is substituted as respondent pursuant to Federal Rule of Appellate Procedure 43(c).

2. Velasquez–Domingo also purports to challenge the IJ's denial of relief under the Convention Against Torture (CAT), but he did not raise a CAT claim below, and he does not now assert that the IJ erred by not considering his asylum application as raising a CAT claim, *see Halabi v. Ashcroft,* 316 F.3d 807, 808 (8th

ing carefully reviewed the record, we deny the petition. *See Eta–Ndu v. Gonzales,* 411 F.3d 977, 982–83 (8th Cir.2005) (standard of review).

We conclude that substantial evidence supports the IJ's conclusion that Velasquez–Domingo did not establish past persecution or a well-founded fear of future persecution on account of a protected ground. *See Lengkong v. Gonzales,* 478 F.3d 859, 863 (8th Cir.2007) (incidents of random isolated violence did not compel finding of persecution); *Gomez v. Gonzales,* 425 F.3d 543, 545–47 (8th Cir.2005) (record must compel finding that protected ground motivated persecutors' actions); *Alyas v. Gonzales,* 419 F.3d 756, 760–61 (8th Cir.2005) (to establish persecution when harm was inflicted by private individual, asylum applicant must show that government was unwilling or unable to protect him). Velasquez–Domingo's claim for withholding of removal—which carries a more rigorous burden of proof—necessarily fails as well. *See Makatengkeng v. Gonzales,* 495 F.3d 876, 885 (8th Cir.2007).

Accordingly, we deny the petition.

Cir.2003) (per curiam) (issues not raised in appeal brief are waived).